QUESTION: May Santa Rosa Hospital "charge off" old accounts receivable which have been determined to be worthless and uncollectible?
SUMMARY: The board of trustees of the Santa Rosa County Hospital system may not validly extinguish or forgive the total debt of a person who enters that system as a paying patient. However, after a diligent effort to collect an unpaid account and in the exercise of ordinary business discretion, such an account may be removed by bookkeeping transfer from the active accounts receivable. The board of trustees of the public county hospital system in Santa Rosa County, created by s. 4, Ch. 61-2796, Laws of Florida, as a "county agency for the administration and management of the county hospital system," is authorized to, inter alia, . . . investigate and require payment from any person when the investigation shall show the person investigated to be able to pay for the care and services furnished by the board of trustees and further shall have the authority to sue for and collect such amounts as may be due from such patients. [Section 39, Ch. 61-2796.] See also Ch. 13397, 1927, Laws of Florida, a previously enacted special act relating to county hospital facilities in Santa Rosa County; and s. 13 of Ch. 61-2796, providing for the repeal of conflicting provisions of existing laws relating to hospital facilities in Santa Rosa County. Cf. Ch. 155, F.S., a general law pertaining to the establishment of county hospitals. The board of trustees of the Santa Rosa County Hospital system, as a statutory entity created for a definitely restricted purpose, possesses only those powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted. Cf. AGO's 074-164 and 074-272 and authorities cited therein. In this regard, nowhere in Ch. 13397, supra, or in Ch. 61- 2796, supra, is the board of trustees expressly authorized to "charge off" an account receivable in the sense that the total debt of a noncharity patient would be thereby extinguished. Nor, in my opinion, does this authority impliedly flow from the provision, quoted supra, which grants the board of trustees the express authority to sue and collect for the value of services rendered to a patient whom the board of trustees has determined to be able to pay. I reach this conclusion because such a "charge off" of an undisputed claim would apparently constitute an invalid gift of public property to a private person. See Art. VII, s. 10, State Const.; cf. AGO 062143 and 56 Am. Jur.2d Municipal Corporations s. 819, p. 814. Even the compromise of an undisputed claim will not be allowed unless the board of trustees derives some material benefit therefrom (e.g., where an insolvent debtor agrees to pay over proceeds of property which otherwise would be exempt). Cf. AGO 060-90, in which it is also stated that most jurisdictions, in the absence of fraud or collusion, permit a compromise when there is a genuine dispute as to the validity of the claim or as to the amount; also cf. 56 Am. Jur.2d Municipal Corporations s. 806, p. 808, stating the general rule that the power to compromise doubtful and disputed claims is necessarily incident to the power to sue. Having thus concluded that the board of trustees may not validly extinguish or forgive the debt of a person who enters the county hospital system as a paying patient, this does not mean that, after a diligent effort to collect an unpaid account and in the exercise of ordinary business discretion, such an account could not be removed by bookkeeping transfer from the active accounts receivable. As stated in AGO 062-143, such a transfer "would give a true picture of the financial condition of the hospital which in turn would obviously be reflected in its per day per patient cost of operation."